UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and states of ARKANSAS, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WISCONSIN, and the DISTRICT OF COLUMBIA ex rel. GLENN DABEK, <br><br>            Plaintiffs, <br><br>      v. <br><br>WAL-MART STORES, INC., <br><br>            Defendants. | No. 2:14-cv-02350-KJM-EFB <br><br> ORDER |

On May 5, 2017, the United States filed a notice of election to partially intervene for settlement purposes in this *qui tam* action brought under the False Claims Act (FCA), 31 U.S.C. §§ 3729 *et seq.* U.S. Notice, ECF No. 26. On May 24, California also filed a notice of election to partially intervene for settlement purposes. Cal. Notice, ECF No. 27. The rest of the states declined to intervene. ECF No. 28.

1

In its notice, the United States requested the seal be lifted from certain documents in this case, namely the notice of election and order on intervention and the complaint, but not from the other filings. U.S. Notice at 2. The other filings include the United States' requests for extensions of time to decide whether to intervene and declarations and other materials submitted in support of those requests. *Id.* California requested the court unseal certain filings, but did not expressly request maintenance of the seal over others. *See generally* Cal. Notice.

The FCA provides that a *qui tam* action must be filed under seal while the United States decides whether to intervene, *see* 31 U.S.C. § 3730(b)(2), but it clearly contemplates that after the United States makes a decision, the seal will be lifted, *see id.* § 3730(b)(3); *U.S. ex rel. Lee v. Horizon W., Inc.*, No. 00-2921, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006). Generally, the seal will be lifted entirely "unless the government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *Id.* "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id.*; *see also United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995). The FCA "evinces no specific intent to permit or deny disclosure of *in camera* material as a case proceeds." *U.S.* ex rel. *Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). Rather, it "invests the court with authority to preserve secrecy of such items or make them available to the parties." *Id.* Overall, the court's decision must also account for the fundamental principle that court records are generally open to the public. *U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

Here, the United States requests maintaining the seal because "in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." U.S. Notice at 2. This explanation does not assure the court that a seal is necessary to maintain the confidentiality of "investigative methods or techniques," to protect ongoing investigations, to protect others who are not a part of this litigation, or for another reason.

The court therefore orders as follows:

1. The complaint, ECF No. 1, the United States' notice, ECF No. 26, California's notice, ECF No. 27, and the other states' notice, ECF No. 28, this order, and all future filings are UNSEALED, but all other contents of the court's file in this action remain under TEMPORARY SEAL pending further order of this court;
2. Within fourteen days, any party may SHOW CAUSE why the previous filings in this action should remain under seal; and
3. Relator shall serve the complaint on the defendants.

This order resolves ECF No. 26 and ECF No. 27.

IT IS SO ORDERED.

DATED: July 6, 2017.

_____
UNITED STATES DISTRICT JUDGE